**SO ORDERED.**

**SIGNED this 8 day of November, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

IN RE:

SONYA D. MCLAWHORN,                     CHAPTER 13
                                        CASE NUMBER: 13-00167-8-RDD
    DEBTOR


SONYA D. MCLAWHORN,                     ADVERSARY PROCEEDING
                                        NUMBER: 13-00123-8-RDD
    Plaintiff

    v.

BANK OF AMERICA HOME LOANS,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS COMPLAINT
## AND GRANTING LEAVE TO AMEND COMPLAINT

Pending before the Court is the Motion to Dismiss and the accompanying Memorandum In Support Of Its Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") filed by Bank of America Homes Loans[1] (the "Defendant") on August 26, 2013, and the Response to Bank of

---

[1] "Bank of America Home Loans" is not an existing entity. In the body of the Complaint, Plaintiff refers to the filing of a Proof of Claim which was done by Bank of America, N.A. as servicer for U.S. Bank National Association, Successor Trustee to Bank of America, N.A., Successor by Merger to LaSalle Bank, N.A., Trustee for the Holders of Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF128. Based on this, the Defendant assumes that Plaintiff intended to name Bank of America, N.A.

America, N.A.'s Motion to Dismiss (the "Response") filed by Sonya D. McLawhorn (the "Plaintiff") on October 21, 2013. On October 22, 2013 the Court conducted a hearing on the Motion to Dismiss and the Response in Wilson, North Carolina.

      The Plaintiff is the owner of real property located at 707 Alpine Trail, Neptune, New Jersey (the "Property"). The Plaintiff executed a promissory note with balloon addendum on October 26, 2006 in the amount of $230,400.00 (the "Note"), which was secured by the Property pursuant to a Deed of Trust (the "DOT"). At the hearing the Plaintiff represented that she had not made a payment on the Note since 2010 and that she has been either living at the Property or renting the Property for $1,500.00 per month. The Plaintiff produced the "Right to Cancel" statement (Exhibit VIII) at the hearing. The "Right to Cancel" statement is a notice of right to cancel sent by First Franklin, A Division of National City Bank, 1000 Bishops Gate Blvd. Suite 100, Mount Laurel, NJ 08054 on October 30, 2006. The "Right to Cancel" states that the Plaintiff can cancel the Note within three (3) business days from whichever of the following event occurs last: "the date of the transaction, the date you received your Truth-in-Lending disclosures; or the date you received this notice of your right to cancel." The Plaintiff also represented that the "securitization" of the Note was on March 27, 2007. The Plaintiff provided a document (Exhibit V) at the hearing which the Plaintiff claims evidences the fraudulent assignment of the Note. Exhibit V is incomplete and only includes page 5 of 7, page 6 of 7, page 7 of 7, and page 3 of 7 (which has portions redacted).

      The Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 9, 2013. On April 8, 2013, the Defendant filed Proof of Claim No. 5-1 ("Claim 5") in the Chapter 13 bankruptcy proceeding. Claim 5 was filed in the amount of $364,327.87 and is secured by the Property pursuant to the DOT. The Claim 5 amount of $364,327.87 includes the original

amount loaned by the Defendant to the Plaintiff under the Note plus interest as of the petition date. The Note has an adjustable interest rate and the term is thirty (30) years with a maturity date of November 1, 2036. (see Claim 5, p. 13-18). The balloon addendum to the Note reflects that the amortization of the balance will be calculated over a forty (40) year term. *Id.*

The Plaintiff commenced this adversary proceeding *pro se* on July 26, 2013 with the filing of the Complaint against the Defendant. Pursuant to her Complaint, the Plaintiff "seeks recovery of money and/or property, pursuant to 11 U.S.C. § 105(a) and this Court's equitable powers, against Bank of America Home Loan [the Defendant] for engaging in bad faith conduct that abused the judicial process." The Plaintiff requests that the Court: "[i]mpose appropriate monetary sanctions against Bank of America in the amount of $81,000.00", "[a]llow Plaintiff to surrender property immediately without recourse and liability", order Bank of America to provide the Court with "true validity" of the Assignment dated November 30, 2007, and "[a]ward such relief as the court deem[s] appropriate."

The Plaintiff alleges that Claim 5 "fails to set forth valid/true documentation demonstrating the legal Holder of Note" and that the Note was fraudulently assigned and "sold into securitization" on March 27, 2007. Further, the Plaintiff alleges that the Defendant violated her civil rights by providing her with a fraudulent "Right to Cancel" statement. Plaintiff also alleges that the Note was changed from a thirty (30) to forty (40) year loan without her consent. Plaintiff further alleges that she was "denied the right to a Home Modification because the Defendant committed fraud during the securitization process, and it could not be determined who actually owned the loan." Plaintiff also contends she was denied a short sale of the Property on May 4, 2010. In addition, the Plaintiff contends she was denied "Due Process of the Law" because the current pending federal lawsuit in

3

New York prevents "clear title" from being produced.

On August 26, 2013, the Defendant filed the Motion to Dismiss requesting that the Court dismiss the Plaintiff's Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedures, made applicable to this adversary proceeding by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure.

In the Response, the Plaintiff elaborates on the allegations made in the Complaint and provides exhibits in support of her allegations.

## I. DISCUSSION

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc. (In re Caremerica, Inc.)* 409 B.R. 737, 745 (Bankr. E.D.N.C. July 23, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)). There are "two working principles" upon which the heightened pleading standard rests:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 747 (quoting *Iqbal*, at 1949).

The Complaint does not meet the minimum pleading requirements of Fed. R. Civ. P. Rule 8(a)(2), *Iqbal and Twombly*. The Complaint fails to put the Defendant on reasonable notice as to the substance of the dispute, the specific conduct underlying the allegations made against it, and does not include a short and plain statement of the claim. The Complaint consists of the Plaintiff's general

and unsubstantiated claims of wrongdoing and unsupported legal conclusions.[2] Although the Complaint alleges several legal theories, it fails to include the factual support necessary to nudge the Plaintiff's claims across the line from conceivable to plausible. *Twombly*, 127 S. Ct. at 1956. The Court must be able to infer "more than the mere possibility of misconduct" for a complaint to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950, 1952.

While there are no enumerated claims in the Plaintiff's Complaint, the Plaintiff appears to attempt to allege a claim for fraud related to the "Right to Cancel" statement, changing the terms of the Note, the securitization process, and a failure of "Due Process of Law."

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") provides that "in all averments of fraud

---

[2] The claims as set out in the Complaint are as follows:

**Validity of Lien:**
1. The Plaintiff filed a Chapter 13 petition on January 9, 2013. Bank of America filed Proof of Claim on 4/8/2013, for the estate which is owned by the Plaintiff at 707 Alpine Trail, Neptune, NJ. The Proof of Claim submitted by defendant, Bank of America fails to set forth valid/true documentation demonstrating the legal Holder of Note. The Assignment of Mortgage states that First Franklin, a Division of National City Bank (aka Depositor in this claim) assigned the mortgage to LaSalle Bank National Association as Trustee for First Franklin Loan Trust 2006- FF-18, Mortgage Loan Asset Backed Certificate FF18 signed, dated 11/30/2007, and filed October 10, 2008.
2. The Note was sold into securitization on March 27, 2007. The PSA for Mortgage Loan Asset Backed Certificate FF18 11/30/2006, was submitted December, 2005. This is now part of a lawsuit in Federal Court in the State of New York, filed on September 2, 2011. The lawsuit alleges that my mortgage, First Franklin Mortgage Loan Asset Backed Certificate FF18, were one of those mortgages that were misrepresented due to fraud and many violations when it was sold into securitization.
3. In the Objection to Claim No.5 by Bank of America, dated 6/14/20013, it was also noted that Exhibit 2, appraisal report, was not my address, which is also a part of the lawsuit in Federal Court.

**The Right to Due Process:**
1. The Defendant violated my Civil Rights because they provided me with a fraudulent "Right to Cancel" statement. The Address and telephone number never existed.
2. The Defendant changed my mortgage document from "30" to a "40" year mortgage without my consent or any prior notification. When contacted they stated that the mortgage had been sold.
3. In 2009, I was denied the right to a Home Modification because Defendant committed fraud during the securitization process, and it could not be determined who actually owned the loan. Later it was discovered that Defendant accepted the funds for the modification in the amount of $51,000.00. The Defendant provided invalid addresses to contact Bank of America Home Loan regarding information on home modification.
4. On 5/4/2010, the defendant denied me a right to short sale of property.
5. The Plaintiff has also been denied "Due Process of the Law" as mortgage cannot be modified, nor can it be sold, as it is now part of a Federal pending lawsuit, and therefore cannot produce "clear title".

or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To comply with this particularity requirement, a plaintiff must plead the "time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation and what was obtained thereby." *Riley v. Murdock*, 828 F.Supp. 1215, 1225 (E.D.N.C. 1993) (dismissing a claim that "paints a general, vague picture of fraud with most of the allegations being legal conclusions rather than specific statements of fact."). "[Rule 9(b)'s] heightened pleading standard is not met by plaintiff's inclusion of the word 'fraud' in one of its prayers for relief." *SouthStar Funding, LLC v. Warren, Perry & Anthony, PLLC*, 445 F. Supp. 2d 583, 586 (E.D.N.C. 2006). "[A] mere promissory representation will not be sufficient to support an action for fraud [unless] . . . it is made with intent to deceive the promisee, and the promisor, at the time of making it, has no intent to comply." *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 255, 266 S.E.2d 610, 616 (N.C. 1980) (internal citations omitted). The Plaintiff must allege that the defendant made the representation with an intent to deceive and that the Plaintiff justifiably relied on the representation. *Schatz v. Livermore*, (*In re Livermore*), 2013 WL 1316549 *4 (Bankr. N.D.Ill. April 3, 2013) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010)).

The elements of common law fraud in North Carolina are: "(1) a material misrepresentation of fact; (2) that is definite and specific; (3) made with knowledge of its falsity or in culpable ignorance of its truth; (4) made with the intent that it be acted upon; (5) reasonable reliance by the plaintiff on the misrepresentation; and (6) resulting damage to the injured party." *Venturtech II v. Deloitte Haskins & Sells*, 790 F. Supp. 576, 587 (E.D.N.C. 1992) (Howard, J.) (stating the elements of fraud under North Carolina law).

The Plaintiff has not pled a fraud claim with the specificity that Rule 9(b) requires. Even if

6

the Plaintiff had pled the fraud-based claims with sufficient particularity as required by Rule 9(b), the Plaintiff fails to allege the substantive elements of those claims. In the Complaint, the Plaintiff alleges that the she was provided with a fraudulent "Right to Cancel." In support of this allegation the Plaintiff merely pleads that "[t]he address and telephone number [of the holder of the Note as listed on the "Right to Cancel"] never existed." This threadbare claim fails to meet the pleading requirements of Rule 9(b) because it neither alleges that the statement was made with the intent to deceive nor does it allege that the Plaintiff justifiably relied on the representation within the time period allowed by law. Further, the Plaintiff does not state why the statement, even if true, would constitute a material misrepresentation.

As for the allegation that the Defendant changed the Note from a thirty (30) year to a forty (40) year term without the Plaintiff's consent, the Plaintiff alleges only that "[w]hen [the Plaintiff] contacted [the alleged holder of the Note] they stated that the mortgage had been sold." Therefore, the Plaintiff fails to allege how, when, where, and to whom any alleged misrepresentation was made related to the term of the Note or how she relied upon said misrepresentation. Moreover, the Plaintiff fails to plead how the document that she signed was a misrepresentation of the terms or how Defendant allegedly altered the document thereafter. Furthermore, the original terms of the Note and the balloon addendum reflect that the amortization of the balance of the Note (with a thirty (30) year term) will be calculated over a forty (40) year term. (Claim 5, pp. 13-18).

As for the general allegation of "fraud during the securitization process", the Plaintiff fails to allege justifiable reliance on any material fact or how the misrepresentation caused her damage. The Plaintiff merely states that she was not able to get a modification in 2009 because of the fraud. Further, the Plaintiff makes no allegation that she was legally entitled to a loan

modification or how *res judicata* regarding a final judgment in the pending federal lawsuit in New York could make her claim plausible.

As for the Plaintiff's allegations that her civil rights were violated and that she was not provided "Due Process of the Law", the Plaintiff fails to identify under which clause her claims arise. In addition, the Plaintiff does not sufficiently allege that she meets the standing requirements for bringing a challenge under the Due Process Clause. Further, the Plaintiff does not allege sufficient facts or substantive elements to state a cause of action under the Due Process Clause.

## II.  HOLDING

Based on the foregoing, the Court finds that the Plaintiff's claims in the Complaint are insufficient as a matter of law under *Iqbal* and *Twombly* because they do not state plausible claims against the Defendant. Therefore, the Plaintiff's claims cannot survive the Motion to Dismiss.

Because the Court finds the Complaint fails to allege sufficient factual allegations as to state a claim, the Motion to Dismiss is **GRANTED**, without prejudice. The Court hereby grants the Plaintiff leave to amend the Complaint. The Court grants the Plaintiff twenty-one (21) days from the date of the entry of this order in which to file an amended complaint. Once the Plaintiff has filed an amended complaint, the Defendant shall have twenty-one (21) days to file an answer or other responsive pleading. Should the Plaintiff fail to file an amended complaint within twenty-one (21) days from the date of entry of this order, the Adversary Proceeding will be dismissed with prejudice.

**SO ORDERED**

**END OF DOCUMENT**